IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

AMBER YBARRA                                                                                    PETITIONER

v.                              Case No. 4:24-cv-04026-SOH-BAB

DEXTER PAYNE, Director
Arkansas Division of Correction
RESPONDENT

**ORDER**

On March 28, 2024, Amber Ybarra ("Ybarra") filed a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 ("Petition"). ECF No. 1. The Court granted Ybarra's motion to proceed *in forma pauperis* on April 3, 2024, and ordered Respondent, Dexter Payne, Director of the Arkansas Division of Correction, to file a response to the Petition. ECF No. 4. Respondent filed his Response on May 3, 2024. ECF No. 7. This matter is now ripe for consideration.

The Parties have consented to the jurisdiction of a magistrate judge to conduct all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 9. Accordingly, the Court enters this Order.[1]

**I. BACKGROUND[2]**

On December 12, 2023, Ybarra pleaded guilty in the Little River County Circuit Court to two counts of second-degree battery and was sentenced to five years' imprisonment. ECF Nos. 7-2, 7-3. The charges stemmed from Ybarra attacking two jail guards while she was in the county jail on unrelated charges. ECF No. 7-4. Because Ybarra entered an unconditional guilty plea, she

---

[1] Pursuant to Rule 10 of the Rules Governing Section 2254 Cases, a Magistrate Judge may perform any of the duties of a District Judge, pursuant to 28 U.S.C. § 636.
[2] The Background is taken from the docket in Ybarra's state criminal case and the pleadings filed in this case. Ybarra's state criminal case relating to the instant Petition is 41 CR-23-110.

was not entitled to a direct appeal. Ark. R App. P.-Crim. 1(a) (2016). Ybarra did not seek any state post-conviction relief in the circuit court pursuant to Rule 37.[3]

In her Petition, Ybarra sets forth four grounds to support her claim that she is being held in violation of the Constitution, laws, or treaties of the United States. Ybarra describes the grounds for her Petition in part as follows:

> GROUND ONE: Denial of Due process – 14th Amendment … Absence of available State corrective processes because Little River County refuses to answer any petitions or motions that petitioner has filed. All documents remain unanswered. The petitioner has even sent a "Motion to Compel", with no reply. There has been an absence of state court remedies …
>
> GROUND TWO: Misrepresentation … There was no evidence to support evidence of injury, the extent of victims wound, or evidence showing injury was to an especially sensitive area. The State's claims are/were not proven. There were no significant injuries, just accusations …
>
> GROUND THREE: Double-jeopardy … Little River County Detention Center claims that the petitioner signed for charges on 6-8-23 (Battery 2nd) Petitioner never had a hearing on that day, but defendants claim she did, and then charged her again on 12-12-23 for the very same charge. This is unconstitutional …
>
> GROUND FOUR: Excessive sentence … Lack of evidence to support Battery 2nd charge. No proof of injury, or extent of victims wounds, or evidence showing injuries were to an especially sensitive area …

ECF No. 1, pp. 5-11. When asked why she did not exhaust her state remedies for these Grounds Ybarra responded in part, "never received a response to any motions or petitions that I've filed. I've never even received a "file-marked" copy of any document received by the Court Clerk … Little River circuit court never responded to this petition …". *Id.*

Respondent argues the instant Petition must be dismissed because: 1) Ybarra's unconditional guilty plea waives *habeas* relief for her pre-guilty plea claims; 2) Ybarra's double-

---

[3] *See* https://caseinfo.arcourts.gov/opad/case/41CR-23-110 (accessed June 3, 2024)

jeopardy claim is inexcusably procedurally defaulted; and 3) Ybarra's due-process claim is premised on state law. ECF No. 7.

## II. APPLICABLE LAW

A *habeas* petitioner must first "fairly present" her claims in state court before seeking § 2254 relief in federal court. *Murphy v. King,* 652 F.3d 845, 848-49 (8th Cir. 2011); 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus … shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State"). By exhausting all available state court remedies, a *habeas* petitioner gives the State that convicted her an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan. v. Henry,* 513 U.S. 364, 365 (1995) (*per curiam*). If a petitioner fails to fully exhaust her claims in state court and the time for doing so has expired, her claims are procedurally defaulted. *Coleman v. Thompson,* 501 U.S. 722, 731-32 (1991).

When a procedural default occurs, federal *habeas* review of the claims are barred unless the *habeas* petitioner can demonstrate "cause" for the default and "actual prejudice" because of the alleged violation of federal law or demonstrate the failure to consider her claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. at 750. "Cause" requires a showing of some impediment, external to the defense, that prevented the petitioner from presenting or developing the factual or legal basis of a claim. *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986). To demonstrate actual prejudice to excuse a procedural default, a petitioner must show that the errors worked to her substantial disadvantage, infecting the entire trial. *Armstrong v. Kemna,* 590 F.3d 592, 606 (8th Cir. 2010).

## III. DISCUSSION

Ybarra's guilty plea and judgment was entered on December 28, 2023. ECF No. 7-2. The only recourse available to Ybarra at that juncture was to file and pursue a Rule 37 petition in the state trial court where she was convicted within 90 days of the entry of the judgment against her – by March 27, 2024. *See* ARK. R. CRIM. P. 37.2(c). The docket in her state criminal case confirms Ybarra did not file a Rule 37 petition prior to the March deadline. Therefore, all her claims are procedurally defaulted.

As previously stated, a petitioner who has defaulted her claims may not present them through a *habeas corpus* petition unless she can establish: 1) cause for such default and actual prejudice because of the alleged violation of federal law; or 2) failure to consider the claim will result in a fundamental miscarriage of justice, as in actual innocence. Ybarra does not offer any legal reason justifying any excuse for her procedural default. She does claim she sent the following motions to the Little River Circuit Clerk for filing but never received any response or confirmation the documents had been filed: 1) motion to dismiss for failure to hold a hearing in October 2023; 2) a petition to correct an illegal sentence in November 2023; and 3) a petition for sentence reduction in January 2024. ECF No. 1, pp. 3-11.

The Court notes the first two motions referenced by Ybarra were allegedly sent by her to the Little River County Clerk for filing in October and November of 2023 prior to the date she entered her guilty plea and prior to the date she was sentenced. In addition, according to her Petition she was also represented by counsel at that time. The timing of these alleged mailings completely undermines any claim that these pleadings were an attempt to pursue any post-conviction relief.

Ybarra also claims she sent a "Petition for Sentence Reduction" to the circuit court sometime in January of 2024. ECF No. 1, p. 3. She describes the grounds raised in that "petition" as follows: "Insufficient evidence to convict petitioner of Battery 2nd. Asked for lesser charge of Battery 3rd. Have not gotten a timely response from the circuit court. Petitioner also respectfully asked for a suspended sentence and/or a sentence modification. The circuit court has not responded to this petition." *Id.*

The law is clear that a petitioner's *pro se* status, limited education, or unfamiliarity with the law or procedure do not constitute cause sufficient to overcome a procedural default. *See, e.g. Cornman v. Armontrout,* 959 F.2d 727, 729 (8th Cir. 1992); *Stanley v. Lockhart,* 941 F.2d 707, 710 (8th Cir. 1991). Furthermore, because there is no Sixth Amendment right to postconviction counsel, the fact Petitioner was proceeding *pro se* when she allegedly sent the January pleading for filing with the circuit clerk cannot constitute cause to excuse procedural default. *Burns v. Gammon,* 173 F.3d 1089, 1093 (8th Cir. 1999). Finally, there is no showing that the January pleading was actually placed in the mail or received by the clerk.

Ybarra has the burden of proving she mailed this pleading, and it reached the circuit clerk prior to the deadline to file a Rule 37 petition. *See Leavy v. Norris,* 324 Ark. 346, 920 S.W.2d 842 (1996). The bare allegation that a pleading was mailed is not in itself good cause to overcome a procedural default. *Skaggs v. State,* 287 Ark. 259, 697 S.W.2d 913 (1985). In *Skaggs* the Arkansas Supreme Court specifically stated:

> If it [the allegation that a notice was mailed] were [sufficient], there would be no point in setting up rules of procedure since the procedural requirements could be circumvented by a simple claim that the petitioner's failure to comply with the rules was caused by the post office.

Here, simple logic dictates if Ybarra had mailed the pleadings to the circuit clerk of Little River County as she claims, they would have been delivered and filed. *Leavy, supra.* Because

5

Ybarra has not established that the clerk received any of her pleadings and failed to file them, she has failed to establish cause to excuse any procedural default. Accordingly, all of Ybarra's claims in the Petition are procedurally defaulted and this Court may not consider them in a federal *habeas* proceeding.

## IV. CONCLUSION

For the reasons set forth above, Ybarra's Petition (ECF No. 1) is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.[4] Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court **ORDERS** that no Certificate of Appealability issue in this matter.

**DATED this 5th day of June 2024.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).